IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| CARLTON HARDING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 10-328-GMS |
| | ) |
| ROLAND L. WILLEY and | ) |
| PERRY PHELPS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

The plaintiff, Carlton Harding ("Harding"), an inmate at the James T. Vaughn

Correctional Center ("VCC), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983.[1]

(D.I. 2.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to

28 U.S.C. § 1915. (D.I. 5.) The court now proceeds to review and screen the complaint pursuant

to 28 U.S.C. § 1915 and § 1915A. Also pending is a request for counsel. (D.I. 4.)

## I. BACKGROUND

Harding alleges that since January 2010, the defendant warden Perry Phelps ("Phelps')

has not provided adequate cleaning supplies for the tier man, housing unit, or showers.

Beginning March 16, 2010, the situation deteriorated and there are no cleaning supplies. Harding

alleges that mold and other bacteria grow on the shower ceilings and in the ventilation system.

He alleges that he has written letters and filed grievances, to no avail. Harding alleges that,

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

because of the conditions, he is "under constant 'imminent danger' of serious physical bodily injury." There is no prayer for relief.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Harding proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

-2-

The legal standard for dismissing a complaint for failure to state a claim pursuant to §
1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on
12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R.
Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).
However, before dismissing a complaint or claims for failure to state a claim upon which relief
may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court
must grant Harding leave to amend his complaint unless amendment would be inequitable or
futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See
Ashcroft v. Iqbal*, –U.S.– , 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544
(2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals
of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949.
When determining whether dismissal is appropriate, the court conducts a two-part analysis.
*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal
elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded
facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must
determine whether the facts alleged in the complaint are sufficient to show that Harding has a
"plausible claim for relief."[2] *Id.* at 211. In other words, the complaint must do more than allege

_____

[2]A claim is facially plausible when its factual content allows the court to draw a
reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at
1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer
possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are
'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and
plausibility of 'entitlement to relief.'" *Id.*

Harding's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*,129 S.Ct. at 1949  (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

### A. Conditions of Confinement

Harding attempts to allege a conditions of confinement claim in violation of the Eighth Amendment. A condition of confinement violates the Eighth Amendment only if it is so reprehensible as to be deemed inhumane under contemporary standards or such that it deprives an inmate of minimal civilized measure of the necessities of life and that the conditions exist as a result of deliberate indifference by prison officials. *See Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Rhodes v. Chapman*, 452 U.S. 337, 346-48 (1981); *Wilson v. Seiter,* 501 U.S. 294, 298-99 (1991). When an Eighth Amendment claim is brought against a prison official it must meet two requirements: (1) the deprivation alleged must be, objectively, sufficiently serious; and (2) the prison official must have been deliberately indifferent to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference is a subjective standard in that the prison official must actually have known or been aware of the excessive risk to inmate safety. *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001).

The denial of "basic sanitation . . . is 'cruel and unusual because, in the worst case, it can result in physical torture, and, even in less serious cases, it can result in pain without any penological purpose.'" *Young v. Quinlan,* 960 F.2d 351, 365 (3d Cir. 1992) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103  (1976)). The allegations, however, do not allege sufficient personal

-4-

involvement in the denial of humane conditions of confinement. For example, Roland L. Willey ("Willey") is named as a defendant, but the complaint contains no allegations directed towards him. With regard to Phelps, the Third Circuit Court of Appeals requires contemporaneous, personal knowledge and acquiescence, not after the fact knowledge. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Evancho v. Fisher*, 423 F.3d 347 (3d Cir. 2005). Hence, Harding's allegations that Phelps did nothing after he became aware of the denial of cleaning supplies fails to rise to the level of a constitutional violation. *See e.g., Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (not published) (allegations that prison officials and administrators responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and administrators in the underlying deprivation). Nor do the allegations indicate that the defendants were aware of a risk of a serious injury that could occur and purposefully failed to take appropriate steps.

In addition, Harding does not allege that he suffered any physical injury, but instead uses buzz words that he is in constant "imminent danger of serious physical bodily injury." The Prison Litigation Reform Act ("PLRA") provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U .S.C. § 1997e(e). Finally, the complaint contains no prayer for relief. For these reasons, the court will dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) and 42 U.S.C. § 1997e(e). However, since it appears plausible that Harding may be able to articulate a claim against the defendants (or name alternative defendants), he will be given an opportunity to amend his pleading. *See O'Dell v.*

-5-

*United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (not published) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

## B. Request for Counsel

Harding requests counsel on the grounds that he cannot afford counsel, his imprisonment greatly limits his ability to litigate the case, he has limited law library access, the issues are complex and will involve expert testimony, and an attorney will assist the plaintiff in presenting evidence and cross-examining witnesses. (D.I. 4.) Although a plaintiff does not have a constitutional or statutory right to an attorney,[3] a district court may seek legal representation by counsel for a plaintiff who demonstrates "special circumstances indicating the likelihood of substantial prejudice to [the plaintiff] resulting ... from [the plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Tabron v. Grace*, 6 F.3d 147, 154 (3d Cir. 1993)(citing *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984)).

Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5)

_____

[3]*See Mallard v. United States District Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request."; *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993) (no right to counsel in a civil suit).

the plaintiff's capacity to retain counsel on his or her own behalf; and (5) the degree to which the

case turns on credibility determinations or expert testimony. *Montgomery v. Pinchak*, 294 F.3d

492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56.

After reviewing Harding's motion, the court concludes that the case is not so factually or

legally complex that requesting an attorney to represent Harding at this juncture is warranted.

Moreover, this case is in its early stages and no defendants have been served. To date, Harding's

filings demonstrate his ability to articulate his claims and represent himself. Thus, in these

circumstances, the court will deny without prejudice to renew the request for counsel. (D.I. 4.)

## IV. CONCLUSION

For the above reasons, the court will dismiss the complaint for failure to state a claim

upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). The

request for counsel will be denied as moot, with leave to renew. (D.I. 4.)

An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

_____, 2010
Wilmington, Delaware

-7-

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CARLTON HARDING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 10-328-GMS |
| | ) |
| ROLAND L. WILLEY and | ) |
| PERRY PHELPS, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this $\underline{21^{st}}$ day of $\underline{\quad July \quad}$, 2010, for the reasons set forth in

the Memorandum issued this date, it is hereby ordered that:

1. The complaint is **dismissed** for failure to state a claim upon which relief may be

granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

2. The plaintiff is given leave to **amend** the complaint. The amended complaint shall be

filed within **thirty (30) days** from the date of this Order. If an amended complaint is not filed

within the time allowed, then the case will be **closed**.

3. The request for counsel is **denied** without prejudice to renew. (D.I. 4.)

CHIEF, UNITED STATES DISTRICT JUDGE